**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, *Successor by nerger to Chase Home Finance LLC*, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) No. 3:13-CV-310-P-BH |
| MELINDA PAIZ, *and all occupants*, | )<br>)<br>)<br>) |
| Defendants. | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this *pro se in forma pauperis* case has been automatically referred for initial screening. Based on the relevant filings and applicable law, this Court lacks jurisdiction and the case should be **REMANDED** to the state court.

**I. BACKGROUND**

On November 7, 2012, Plaintiff JP Morgan Bank, National Association, Successor by merger to Chase Home Finance LLC (Plaintiff) filed a complaint for forcible detainer against Melinda Paiz (Defendant) and the occupants of 3321 McBroom Street, Dallas, Texas, 75212 (the Property) in Justice of the Peace Court. (*See* doc. 3 at 12-25.) Plaintiff recovered a judgment against Defendant on November 26, 2012, and Defendant appealed the judgment to Dallas County Court. (*Id.* at 9-11, 29-30.) A trial on the forcible detainer action was set to begin on January 25, 2012 in Dallas County Court at Law No. 4. (*Id.* at 26-28.) On the day before the trial setting, Defendant filed a notice of removal in the federal district court for the Northern District of Texas on grounds of diversity jurisdiction. (*Id.* at 1–3.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

**A.    Citizenship**

Here, the Defendant has removed this case on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (*See* doc. 3 at 1–3.)

A case removed under § 1332 must have complete diversity of citizenship.  *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005).  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992).  A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)).  Because Defendant has "distinctly and affirmatively" alleged Plaintiff's citizenship in Delaware and her own citizenship in Texas, she has met her burden to show diversity of citizenship.  (*See* doc. 3 at 2–3.)

**B.    Amount in Controversy**

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount.  *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of

3

possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

In this case, the only issue raised by the state court forcible detainer action is the right to possession. Plaintiff does not seek money damages, dispute the title to property, or seek any debt related to the property, so Defendant cannot show that the amount in controversy requirement for diversity jurisdiction has been met. Consequently, she has not shown a basis for the exercise of subject-matter jurisdiction over this case.

### III. RECOMMENDATION

This case should be **REMANDED** to the Dallas County Court at Law No. 4 *sua sponte* for lack of subject matter jurisdiction.

**SO RECOMMENDED this 25th day of January, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                        IRMA CARRILLO RAMIREZ
                                                                        UNITED STATES MAGISTRATE JUDGE